**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE K. FABER,<br><br>            Plaintiff,<br><br>            v.<br><br>BANK OF NEW YORK MELLON, *et al.*,<br><br>            Defendants. | Civil Action No. 23-04520 (GC) (JBD)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Joanne K. Faber's Amended Motion for Preliminary Injunction.  (ECF No. 9.)  For the reasons set forth below, and other good cause shown, the motion is **DENIED** without prejudice.

**I.      BACKGROUND**

Plaintiff filed the Complaint in this case on August 14, 2023.  (ECF No. 1.)  Plaintiff names several entities as Defendants: Bank of New York Mellon; Ocwen Financial Corporation; Ocwen Loan Servicing LLC; PHH Mortgage Services LLC; Duane Morris LLP; and Robertson, Anschutz, Schneid, Crane & Partners, PLLC.  (*Id.* at 1.)  Plaintiff asserts causes of action for violations of federal and state law: Count One for violations of the federal and New Jersey Racketeer Influenced and Corrupt Organizations Acts; Count Two for violations of the Fair Debt Collection Practices Act; Count Three for Declaratory Injunctive Relief; and Count Four for fraud/fraudulent concealment.  (*Id.* at 9-20.)

Plaintiff alleges the following: Plaintiff purchased a home in 2004 on Flag Point Road in Toms River, New Jersey.  (*Id.* at 3.)  In August 2006, a foreclosure action was filed against

Plaintiff. (*Id.*) The 2006 foreclosure action was allegedly dismissed in Plaintiff's favor by way of summary judgment. (*Id.* at 4-5.) In 2009, another foreclosure action was filed against Plaintiff and dismissed for lack of prosecution. (*Id.*) In December 2015, a foreclosure action was filed against Plaintiff. (*Id.* at 5.) Plaintiff contends that this 2015 action was based on "the same claims as those of the 2006 case." (*Id.*) Defendants in the present case are alleged to have "submitted many fabricated documents" as part of the 2015 foreclosure action "intended to conceal and suppress the facts and findings within the court record of 2006 litigation." (*Id.* at 6-9.) According to Plaintiff, "[t]he 2015 foreclosure case concluded in November 2022 and is currently on Appeal at the New Jersey appellate court as of December 2022." (*Id.* at 9.)

On December 8, 2023, about four months after Plaintiff filed the Complaint and with no action appearing on the docket, the Court entered a notice of call for dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 4(m). (ECF No. 6.) Plaintiff responded by uploading a letter claiming that service had been perfected on Defendants. (ECF No. 7.) In support, Plaintiff appended images of United States Postal Service envelopes with Plaintiff's address in the "From" section and Defendants' names and addresses in the "To" section. (*Id.* at 2-7.) Nothing is submitted establishing that these envelopes were actually sent, when they were sent, and/or that they were delivered to Defendants nor what they contained.

About two months later, in February 2024, Plaintiff filed an initial Motion for Injunctive Relief. (ECF No. 8.) Then, before that motion was resolved, Plaintiff filed an Amended Motion for Preliminary Injunction in March 2024. (ECF No. 9.) In response, the Court entered a text order terminating the initial motion and stating that the Court would rule on the amended motion in due course. (ECF No. 10.)

The Amended Motion for Preliminary Injunction asks the Court to enjoin a "Sheriffs sale" of the property in Toms River that is subject to a final judgment from the New Jersey Superior Court, Chancery Division, Docket No. F-041059-15.  Plaintiff claims the final judgment is "erroneous," and she expects it to be overturned on appeal in state court.  (ECF No. 9-1 at 6 ("The $2 Million dollar final judgment is erroneous and by definition a miscarriage of justice.  The New Jersey Appellate court is expected to overturn such an erroneous ruling . . . .").)

## II.   <u>DISCUSSION</u>

### A.  Notice to Defendants

Pursuant to Rule 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party."  The notice contemplated at the initiation of a new action is that set forth by Rule 4 for service of a summons.  *See, e.g.*, *Scott v. Fam. Dollar Stores*, Civ. No. 20-00773, 2020 WL 7296780, at *1 (W.D. Pa. Dec. 11, 2020) ("Because [Plaintiff] has yet to properly serve Defendants as required by Federal Rule of Civil Procedure 4, [Defendants] have not been formally put on notice as to this action or the current motion.").  And "[t]he notice requirement of Rule 65 'is not merely a procedural nicety, but rather, a fundamental aspect of procedural due process under the Constitution.'"  *Chaves v. Int'l Boxing Fed'n*, Civ. No. 16-1374, 2016 WL 1118246, at *1 (D.N.J. Mar. 22, 2016) (quoting *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997)).

Based on the Court's review, Plaintiff does not appear to have provided proper notice to Defendants by serving the complaint and summons in accordance with Rule 4.  The Court will thus deny the preliminary injunction application without prejudice on this basis.

Federal Rule of Civil Procedure 4(h) provides two methods by which a defendant corporation, partnership, or association may be served absent a valid waiver of service.  One of the permissible methods requires "*delivering* a copy of the summons and of the complaint to an

officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). The term "delivering" as used in Rule 4(h)(1)(B) does not include service by mail. *See Umansky v. Melton Int'l Tackle, Inc.*, Civ. No. 17-4712, 2019 WL 5418050, at *11 (E.D. Pa. Oct. 23, 2019) ("Under Rule 4(h)(1)(B), 'delivery' requires personal service; certified mail is insufficient."); *see also Canuto v. Mattis*, 273 F. Supp. 3d 127, 134 (D.D.C. 2017) ("Service by mail is deficient under Federal Rule 4(h)(1)(B)." (collecting cases)). Because Plaintiff's apparent mailed service does not constitute "delivery" under Rule 4(h)(1)(B), the Court must determine whether the mailed service satisfies the other method of proper service enumerated in Rule 4(h)(1)(A).

Alternatively, Rule 4(h)(1)(A) provides that service may be made "in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) states that service may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Phrased differently, service in this District may be made in accordance with the New Jersey Rules of Court relating to service of process. *See Ershow v. Leslie Kane & Morgan, Inc.*, Civ. No. 18-00421, 2018 WL 3405259, at *1 (D.N.J. July 12, 2018).

New Jersey Court Rule 4:4-4 governs service of process in New Jersey. In particular, New Jersey Court Rule 4:4-4(a)(5) provides that personal jurisdiction can be obtained over a defendant limited liability company[1] "by serving a copy of the summons and complaint in the manner

---

[1]     Limited liability companies have been treated like "unincorporated associations" under New Jersey's Rules of Court. *See Kalski v. Brandywine Senior Living, LLC*, Civ. No. 22-4484, 2022 WL 17823862, at *6 (D.N.J. Dec. 20, 2022); *Nafart Constr. Grp., LLC v. Icon Builders, LLC*, Civ. No. 17-01283, 2017 WL 2399087, at *2 (D.N.J. June 2, 2017) ("Service of limited liability

prescribed by paragraph (a)(1) . . . on an officer or managing agent or, in the case of a partnership, a general partner." N.J. Ct. R. 4:4-4(a)(5). Similarly, New Jersey Court Rule 4:4-4(a)(6) provides that personal jurisdiction can be obtained over a defendant corporation by:

> [S]erving a copy of the summons and complaint in the manner
> prescribed by paragraph (a)(1) . . . on any officer, director, trustee
> or managing or general agent, or any person authorized by
> appointment or by law to receive service of process on behalf of the
> corporation, or on a person at the registered office of the corporation
> in charge thereof, or, if service cannot be made on any of those
> persons, then on a person at the principal place of business of the
> corporation in this State in charge thereof . . . .

> [N.J. Ct. R. 4:4-4(a)(6).]

In turn, New Jersey Court Rule 4:4-4(a)(1) allows for service upon a competent individual of at least fourteen years of age by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy at the individual's dwelling place with a competent member of the household age fourteen or older, or by delivering a copy to a person authorized by appointment or by law to receive service of process on the individual's behalf. N.J. Ct. R. 4:4-4(a)(1). In sum, the relevant provisions of the New Jersey Court Rules provide that service upon a corporation or limited liability company is usually made by delivery of the summons and complaint, rather than mailing of the summons and complaint. *See Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 436 (D.N.J. 2015) ("New Jersey Court Rule 4:4-4(a)(6) allows for *in personam* jurisdiction over a corporate defendant by personal service within the state upon an authorized agent of the corporation."); *Trustees of Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Moulton Ladder & Scaffolding, LLC*, Civ. No. 20-14938, 2022 WL 445622, at *2 (D.N.J. Feb. 14, 2022) ("New Jersey law requires that a limited liability company

---

corporations is governed by New Jersey Rule of Court 4:4–4(a)(5), which provides that service is proper when served upon 'an officer or a managing agent.'").

be served 'by serving a copy of the summons and complaint . . . on an officer or managing agent or, in the case of a partnership, a general partner.' To meet this standard, a plaintiff must show that they served someone with authority to accept on behalf of defendants." (quoting N.J. Ct. R. 4:4-4(a)(5))).

Nevertheless, New Jersey Court Rule 4:4-4(b) provides for substituted or constructive service in some situations. This rule states that "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," then personal jurisdiction may be obtained over a defendant by mailing a copy of the summons and complaint "by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to . . . a registered agent for service, or to its principal place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1).

Here, Plaintiff has not submitted an affidavit showing that "despite diligent effort and inquiry" personal service could not be made on Defendants. In addition, there is no evidence that service was simultaneously made by both certified and ordinary mail. Therefore, Plaintiff has not satisfied the prerequisites to using the kind of mailed service provided for in New Jersey Court Rule 4:4-4(b)(1).[2] *See Mercado v. Toyota Fin. Servs. Inc.*, Civ. No. 21-13631, 2023 WL 8190229,

---

[2]     Plaintiff alleges that three Defendants—Bank of New York Mellon, Ocwen Financial Corporation, and Ocwen Loan Servicing LLC—are "domiciled" at addresses in either New York or Florida. (ECF No. 1 at 2.) Even under the rules of those states, service via mail alone is not proper on a corporation or limited liability company. *See, e.g.*, *Jacobs v. Land Home Fin. Servs. Inc.*, Civ. No. 23-2308, 2024 WL 810854, at *1 (M.D. Fla. Feb. 27, 2024) ("The Florida Rules of Civil Procedure provide for service of process by certified mail only if the defendant agrees to waive personal service."); *Livingston v. Equifax, Inc.*, Civ. No. 23-21068, 2023 WL 4534206, at *1 (S.D. Fla. June 16, 2023) ("The Federal Rules of Civil Procedure do not permit service of process on a corporation by mail, because Florida law does not allow for it." (citations omitted)); *Lim Tung v. Deutsche Bank Tr. Co.*, Civ. No. 19-5445, 2022 WL 471907, at *4 (E.D.N.Y. Jan. 11, 2022) ("Neither federal nor New York state law permits service on a corporation via mail."); *Byanjankar v. US-Bangla Airlines Ltd.*, Civ. No. 20-01316, 2021 WL 5399506, at *3 (E.D.N.Y. Nov. 18, 2021) ("[S]ervice via mail on a limited liability corporation is not proper under either the

at *3 (D.N.J. Nov. 27, 2023) ("Plaintiff does not provide evidence of personal service on any officer or agent of Defendant, or the submission of an affidavit of diligent effort, as required for effective service of a corporation under the New Jersey Court Rules.  Accordingly, Plaintiff has failed to meet the service requirements under the New Jersey Court Rules and, consequently, Federal Rule of Civil Procedure 4(h).").

### B.  Merits of Motion

Even if the Court were to reach the merits of the application for preliminary injunction, the Court sees little basis for granting the relief requested.  The motion appears to be an attempt by Plaintiff to have this Court intervene in ongoing proceedings by enjoining the judgment that was entered by the Superior Court of New Jersey, Chancery Division, pending the outcome of the appeal.[3]  (ECF No. 9-1 at 1 ("This Motion for Injunctive Relief is brought for a $2 Million dollar foreclosure judgment which is currently on appeal at the New Jersey Appellate Court.").)  This is typically not the appropriate procedure, and a stay pending appeal in New Jersey state court should ordinarily be requested there.  *See Wright v. Camden City Police Dep't*, Civ. No. 04-2750, 2005 WL 2406098, at *4 (D.N.J. Sept. 29, 2005) ("[F]ederal courts are forbidden from staying or enjoining state court proceedings absent specific statutory exceptions."); *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) ("[F]ederal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments.").

---

FRCP or New York Civil Practice Law & Rules.").  And Plaintiff has not demonstrated compliance with the provisions for personal service by mail.  *See, e.g.*, N.Y. C.P.L.R. § 312-a; Fla. R. Civ. P. 1.070(i).

[3]     Plaintiff focuses in her motion papers on why she believes she will prevail on her New Jersey appeal, not on the merits of her claims in the present case.  (ECF No. 9-1 at 7 ("The plaintiff is 'likely to prevail at the NJ appellate court' . . . .").).

### III.    CONCLUSION & ORDER

Therefore, for the reasons stated above, and other good cause shown,

**IT IS** on this 9th day of April, 2024, **ORDERED** as follows:

1.      Plaintiff's Amended Motion for Preliminary Injunction (ECF No. 9) is **DENIED**

without prejudice.

2.      The Clerk is directed to administratively terminate the motion at ECF No. 9.  The

Clerk is also directed to administratively close this case, which may be reopened if

Plaintiff provides proof of service on Defendants within thirty (30) days.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**