**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE K. FABER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON *et al.*,<br><br>Defendants. | Civil Action No. 23-04520 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon separate motions to dismiss Plaintiff Joanne

K. Faber's Complaint (ECF No. 1). Defendants The Bank of New York Mellon Trust Company

National Association f/k/a The Bank of New York Trust Company N.A. as Successor to JPMorgan

Chase Bank N.A. as Trustee for Residential Asset Mortgage Products Inc. Mortgage Asset-Backed

Pass-Through Certificate Series 2005-RP3,[1] Ocwen Financial Corporation, Ocwen Loan

Servicing, LLC1, and Duane Morris, LLP (the BNY Mellon Defendants) move to dismiss pursuant

to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 19.) Defendant Robertson,

Anschutz, Schneid, Crane & Partners, PLLC (RASC) moves to dismiss pursuant to Rules 12(b)(1)

and 12(b)(6). (ECF No. 20.) Plaintiff opposed both Motions and both Defendants replied. (ECF

---

[1]    Defendants assert that "The Bank of New York Mellon Trust Company National Association f/k/a The Bank Of New York Trust Company N.A. As Successor to JPMorgan Chase Bank N.A. As Trustee For Residential Asset Mortgage Products Inc. Mortgage Asset-Backed Pass-Through Certificate Series 2005-RP3" was incorrectly pled as "Bank of New York Mellon." Plaintiff previously rejected that contention in a letter to the Court, writing that "the correct defendant is Bank of New York, BoNY, and not the Trust that the defendant Duane Morris attempted to substitute in its place." (ECF No. 32.) Because dismissal is appropriate regardless, the Court need not address the issue.

Nos. 38, 39, 40, 41.)  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' Motions are **GRANTED.**

## I.    <u>BACKGROUND</u>[2]

Plaintiff filed the Complaint in this case on August 14, 2023.  (ECF No. 1.)  Plaintiff asserts federal and state causes of action: Count One for violations of the federal and New Jersey Racketeer Influenced and Corrupt Organizations Acts (RICO), 18 U.S.C. §§ 1962(c),[3] 1964(c), and N.J. Stat. Ann. §§ 2C:41-1 *et seq.*; Count Two for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*; Count Three for Declaratory Injunctive Relief; and Count Four for fraud/fraudulent concealment.  (ECF No. 1 at 9-20.[4])

Plaintiff alleges that she purchased a home in 2004 on Flag Point Road in Toms River, New Jersey.  (*Id.* at 3.)  In August 2006, a foreclosure action was filed against Plaintiff in New Jersey Superior Court, Ocean County.  (*Id.*; ECF No. 1-8 at 2.)  The 2006 foreclosure action was allegedly dismissed in Plaintiff's favor by way of summary judgment.  (ECF No. 1 at 4-5.)  In 2009, another foreclosure action was filed against Plaintiff and dismissed for lack of prosecution.  (*Id.*)  In December 2015, a third foreclosure action was filed against Plaintiff in New Jersey Superior Court. (*Id.* at 5.)  Plaintiff contends that this 2015 action was based on "the same claims as those of the 2006 case."  (*Id.*)  Defendants in the present case are alleged to have "submitted many fabricated

---

[2]    On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[3]    The Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

[4]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

documents" as part of the 2015 foreclosure action "intended to conceal and suppress the facts and findings within the court record of [the] 2006 litigation." (*Id.* at 6-9.) According to Plaintiff, "[t]he 2015 foreclosure case concluded in November 2022 and is currently on [a]ppeal at the New Jersey appellate court as of December 2022." (*Id.* at 9.) Along with claiming the foreclosure of her home was the result of Defendants submitting fabricated documents to the state court, she claims that prior assignments of her mortgage were "invalid or a legal nullity" and that the amount due on her mortgage was improperly calculated. (*Id.* at 4, 6.)

## II.  LEGAL STANDARDS

### A.    Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462

F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B.    Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dir. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

III.  **DISCUSSION**

    A.  **Article III Standing**

      RASC argues that Plaintiff does not have Article III standing to bring her claims.  (ECF No. 20 at 12-16.)  Deriving from the Constitution's limit on the judicial power to resolve "actual cases and controversies," standing "is the threshold question in every case and determines the power of the court to entertain the suit."  *Bittner v. Waterford Twp. Sch. Dist.*, Civ. No. 18-10990, 2020 WL 10223599, at *2 n.2 (D.N.J. Jan. 13, 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  "Standing is a question of subject matter jurisdiction."  *Petroleos Mexicanos Refinancion v. M/T KING, A (Ex-Tbilisi)*, 377 F.3d 329, 224 (3d Cir. 2004).  "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims."  *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).  Article III standing requires a plaintiff to demonstrate "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief."  *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022) (quoting *Thole v. U. S. Bank N.A.*, 590 U.S. 538, 540 (2020)).

      RASC contends that Plaintiff's claims fail under the first prong of the standing test because she has not alleged a "concrete injury."  (ECF No. 20-1 at 12.)[5]  In her opposition brief, Plaintiff lists various injuries that she suffered, including "financial loss due to legal fees and time spent away from work in litigation, deprivation of property rights, violation of all land rights, slander and damage of property title, [and] deprivation of peaceful enjoyment of property and home." (ECF No. 39 at 5-6.)  However, as pointed out by RASC, most of these injuries are not set forth in

---

[5]    RASC brings a facial attack on standing (ECF No. 20-1 at 10), so the Court will accept the allegations in the Complaint as true.  *Arosa Solar Energy Sys., Inc.*, 2021 WL 1196405, at *2.

Plaintiff's Complaint. (ECF No. 40 at 2.) "[I]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." C*om. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (first alteration in original). But while the Court will not consider allegations of harm raised for the first time in Plaintiff's brief, it must accept Plaintiff's allegation in her Complaint regarding the foreclosure in November 2022. (ECF No. 1 at 9.) This allegation suffices to confer Plaintiff with Article III standing. *See Bauer v. Mortgage Elec. Registration Sys., Inc.*, 618 F. App'x 147, 149 n.6 (3d Cir. 2015) ("The foreclosure of the plaintiff's home is unquestionably a concrete and particularized injury to her." (quoting *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 289 (1st Cir.2013)). The Court therefore finds that Plaintiff has standing to assert her claims and will next address whether her claims are otherwise precluded.[6]

### B.    Entire Controversy Doctrine

All Defendants argue that New Jersey's entire controversy doctrine bars Plaintiff's claims. (ECF No. 19-1 at 10-11; ECF No. 20-1 at 16-20.) The entire controversy doctrine provides that "non-joinder of claims or parties required to be joined . . . shall result in the preclusion of the omitted claims to the extent required." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (citation and alteration omitted). The doctrine has been described as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). It "embodies the notion that 'the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their

---

[6]    RASC does not argue that Plaintiff fails to satisfy the causation and redressability prongs of the standing test. Pursuant to the Complaint, Plaintiff seeks damages based on her allegation that Defendants submitted fabricated documents leading to the foreclosure. (*See, e.g.*, ECF No. 1 at 9, 13.)

claims and defenses that are related to the underlying controversy.'" *Id.* at 885 (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)). "It is the 'commonality of facts,' rather than legal issues, parties[,] or remedies, 'that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine.'" *Tilbury v. Aames Home Loan*, Civ. No. 05-2033, 2005 WL 3477558, at *7 (D.N.J. Dec. 12, 2005), *aff'd*, 199 F. App'x 122 (3d Cir. 2006) (quoting *DiTrolio*, 662 A.2d at 504).

"The limits of the entire controversy doctrine with regards to foreclosure actions are necessarily somewhat narrower, as N.J. Ct. R. 4:64-5 requires that only 'germane' counterclaims may be joined in a foreclosure action." *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x. 469, 472 (3d Cir. 2011). "Whether an issue is germane to the action should be construed liberally." *Mason v. US Bank*, Civ. No. 16-1366, 2016 WL 7189828, at *5 (D.N.J. Dec. 12, 2016) (citation omitted). "Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action." *Id.* (citing *Leisure Technology–Northeast, Inc. v. Klingbeil Holding Co.*, 349 A.2d 96, 98 (N.J. Super. Ct. App. Div. 1975). Thus, "[c]laims or defenses that [go] to the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose' are germane." *Collas v. Wells Fargo Bank, N.A.*, Civ. No. 17-11866, 2018 WL 6499706, at *3 (D.N.J. Dec. 11, 2018) (quoting *Bembry v. Twp. of Mullica*, Civ. No. 17-3066, 2018 WL 4519957, at *2 (3d Cir. Sept. 20, 2018) (alterations in *Collas*).

The thrust of Plaintiff's Complaint is that the state court foreclosure judgment resulted from Defendants submitting "fabricated" documents to the court. (*See, e.g.*, ECF No. 1 at 16; ECF No. 39 at 5.) Plaintiff also suggests that prior assignments of her mortgage were improper, and she disputes the amount due on her mortgage. (*See* ECF No. 1 at 4, 6.) Courts in this district have

held that the entire controversy doctrine bars such claims (RICO, FDCPA, declaratory judgment, and fraud) when brought based on allegations similar to Plaintiff's. *See Cansler v. Kondaur Cap. Corp.*, Civ. No. 19-16540, 2021 WL 2390098, at *9 (D.N.J. June 11, 2021) (holding that the entire controversy doctrine barred "Plaintiffs' RICO claim [which arose] from the mortgage transaction which formed the basis of the prior foreclosure proceedings"); *Lopaz v. Stern & Eisenberg, P.C.*, Civ. No. 18-2136, 2018 WL 6061576, at *3 (D.N.J. Nov. 20, 2018) (holding the plaintiffs "federal law claim under the FDCPA is . . . barred by the entire controversy doctrine, as it . . . could have been brought in the underlying foreclosure action"); *Keyes v. Nationstar Mortg., LLC*, Civ. No. 20-02649, 2020 WL 6111036, at *8 (D.N.J. Oct. 16, 2020) (finding that claims seeking declaratory relief "related to issues such as the validity of the assignments of the mortgage and the right of Defendants to foreclose on the property" were "unquestionably germane to the foreclosure action" and barred under the entire controversy doctrine); *Davis v. Fein Such Kahn & Shepard PC*, Civ. No. 18-8560, 2019 WL 1789471, at *7 (D.N.J. Apr. 24, 2019) (finding the entire controversy doctrine barred the plaintiff's "allegations of fraud in connection with" assignments which arose "out of the underlying mortgage transaction").

Plaintiff relies on an unpublished New Jersey Appellate Division case *Genid v. J.P. Morgan Chase & Co.*, 2016 WL 7190033 (N.J. Super. Ct. App. Div. Dec. 12, 2016), for the proposition that there is a "foreclosure exception" which allows her to bring her claims. (ECF No. 39 at 9.) The United States Court of Appeals for the Third Circuit has expressly declined to follow *Genid*, noting that "[p]ublished decisions from the New Jersey Superior Court, both before and after *Genid*, are clear: the entire controversy doctrine bars germane claims, counterclaims, and defenses that could have been brought in a prior foreclosure proceeding." *Shibles v. Bank of Am., N.A.*, 730 F. App'x. 103, 107 n.6 (3d Cir. 2018). Plaintiff cites *Shibles* in support of her argument that her fraud claim

survives the entire controversy doctrine, but in doing so she conflates the entire controversy doctrine with the *Rooker-Feldman* doctrine. (ECF No. 39 at 11); *Shibles,* 730 F. App'x. at 105-07 (finding the plaintiff's claims were barred by the entire controversy doctrine even though they were not barred under *Rooker-Feldman*).

Plaintiff also cites *Giles v. Phelan, Hallinan & Schmieg, LLP*, Civ. No. 11-6239, 2013 WL 2444036 (D.N.J. June 4, 2013) arguing that her RICO claims should proceed "as a [m]atter of [l]aw." (ECF NO. 39 at 9.) However, the RICO claims in *Giles* proceeded because the state court had issued an order expressly preserving the plaintiff's claims. *Giles*, 2013 WL 2444036, at *5. The court explained that "[g]iven the specific language of those orders," it could not "hold that [the plaintiffs were] precluded from raising an affirmative claim against" the defendants. *Id.* Plaintiff has not alleged that such an order exists in this case to preserve her claims. (*See generally* ECF No. 1.)[7]

For these reasons, the Court concludes that Plaintiff's claims are barred under New Jersey's entire controversy doctrine, and it will therefore dismiss the Complaint without prejudice.[8]

---

[7]    Plaintiff also cites *Conklin v. Anthou*, 495 F. App'x. 257 (3d Cir. 2012), however, that case does not address the entire controversy doctrine.

[8]    Because the Court dismisses the Complaint on preclusion grounds, it need not analyze whether the Complaint is also barred under the *Rooker-Feldman* doctrine (as raised by the BNY Mellon Defendants). *See Farzan v. J.P. Morgan Chase Bank*, N.A., 2022 WL 17336211, at *1 (3d Cir. Nov. 30, 2022) (declining to resolve *Rooker-Feldman* issues where "preclusion principles [were] dispositive of [the plaintiff's] claims"); *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 277 (3d Cir. 2016) ("The District Court was therefore permitted to 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds.").

IV.    **CONCLUSION**

For the foregoing reasons, and other good cause shown, Defendants' Motions to Dismiss (ECF Nos. 19 & 20) are **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED** without prejudice.  An appropriate Order follows.

Dated: December 19, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

10