<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNE K. FABER,<br><br>    Plaintiff,<br><br> v.<br><br>BANK OF NEW YORK MELLON, *et al.*,<br><br>    Defendants. | Civil Action No. 23-04520 (GC) (JBD)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

  **THIS MATTER** comes before the Court upon four motions. *First*, Plaintiff Joanne K. Faber filed a Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure (Rule) 59(e). (ECF No. 47.) Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC opposed, and Plaintiff replied. (ECF Nos. 54, 58.) *Second*, the Bank of New York Mellon Trust Company National Association f/k/a The Bank of New York Trust Company N.A. as Successor to JPMorgan Chase Bank N.A. as Trustee for Residential Asset Mortgage Products Inc. Mortgage Asset-Backed Pass-Through Certificate Series 2005-RP3, Ocwen Financial Corporation, Ocwen Loan Servicing, LLC1, and Duane Morris, LLP (the BNY Mellon Defendants) filed a Motion to Dismiss Plaintiff's First Amended Complaint (FAC) (ECF No. 48) pursuant to Rule 12(b)(6). (ECF No. 50.) Plaintiff opposed. (ECF No. 64.) *Third*, Robertson, Anschutz, Schneid, Crane & Partners filed a Motion to Dismiss the FAC pursuant to Rule 12(b)(6). (ECF No. 53.) Plaintiff opposed. (ECF No. 65.) *Fourth*, Plaintiff moved to file a Second Amended Complaint (SAC). (ECF No. 69.) All Defendants opposed. (ECF Nos. 70, 71.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil

Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' Motions to Dismiss (ECF Nos. 50, 53) are **GRANTED**.  Plaintiff's Motion to Amend (ECF No. 69) is **DENIED**, and Plaintiff's Motion to Alter Judgment (ECF No. 47) is **DENIED** as moot.

## I.     BACKGROUND[1]

The Court assumes the parties' familiarly with the underlying facts, which are set forth in more detail in the Court's prior Memorandum Opinion.  *See Faber v. Bank of New York Mellon*, Civ. No. 23-04520, 2024 WL 5186913 (D.N.J. Dec. 20, 2024).  The gravamen of Plaintiff's claims is that Defendants fabricated documents and concealed material facts in the New Jersey state court foreclosure proceedings they initiated and prosecuted against Plaintiff.  (*See* ECF No. 48 at 2 ¶ 2.[2])

Plaintiff asserts federal and state causes of actions for: violations of the federal and New Jersey Racketeer Influenced and Corrupt Organizations Acts (RICO), 18 U.S.C. §§ 1962(c), 1964(c), and N.J. Stat. Ann. §§ 2C:41-1 *et seq.* (Count One); violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (Count Two); violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 *et seq.* (Counts Three and Five); fraud/fraudulent concealment (Count Four); and violations of the Real Estate Settlement Procedures Act (RESPA)/breach of the implied covenant of good faith and fair dealing (Count Six).[3]

---

[1]    On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.  Along with certain paragraphs being numberless, the paragraphs in the FAC restart from 67 after reaching paragraph 125.  For that reason, the Court refers to the FAC by both page number and paragraph number.

[3]    The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dir. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### B. Rule 15(a)(2)

After the period for amending as of right has passed, Rule 15 permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted whenever 'justice so requires.'" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (quoting Fed. R. Civ. P. 15(a)(2)). Denial of leave to amend should only result "when the amendment sought (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies

3

by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile." *Priv. Sols. Inc. v. SCMC, LLC*, Civ. No. 15-3241, 2016 WL 2946149, at *2 (D.N.J. May 20, 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)).

### III. DISCUSSION

#### A. Plaintiff's Motion to Alter Judgment

In dismissing Plaintiff's initial Complaint, the Court granted Plaintiff leave to file an amended complaint. (*See* ECF No. 46.) Following the Court's dismissal, Plaintiff filed a Motion to Alter Judgment under Rule 59(e). (ECF No. 47.) Based on the Court's review of the Motion, Plaintiff seeks reconsideration of the Court's Order dismissing her Complaint. (*See generally id.*) However, Plaintiff subsequently filed the FAC, which rendered her prior Motion to Alter Judgment moot. *See e.g.*, *Call v. Czaplicki*, Civ. No. 09-6561, 2011 WL 2532712, at *9 n.9 (D.N.J. June 23, 2011) ("[The p]laintiffs' motion for reconsideration is non-justiciable because '[b]y filing a [s]econd [a]mended [c]omplaint, [the p]laintiffs have supplanted the [c]omplaint, thereby rendering any motion for reconsideration advisory.'"); *Sanders v. Matthew*, Civ. No. 15-395, 2016 WL 11486352, at *2 (E.D. Cal. Mar. 9, 2016) ("[The p]laintiff's filing the FAC renders his motion for reconsideration moot.").

Accordingly, Plaintiff's Motion to Alter Judgment (ECF No. 47) is denied as moot.

#### B. Defendants' Motions to Dismiss the FAC

The Court previously held that Plaintiff's claims were barred under New Jersey's entire controversy doctrine. *See Faber*, 2024 WL 5186913, at *3. Defendants contend that Plaintiff's claims in the FAC similarly fail under the entire controversy doctrine. (*See* ECF No. 50-3 at 9-10; ECF No. 53-1 at 14-20.)

4

The entire controversy doctrine provides that "non-joinder of claims or parties required to be joined . . . shall result in the preclusion of the omitted claims to the extent required." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (citation and alteration omitted). The doctrine has been described as "New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). It "embodies the notion that 'the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" *Id.* at 885 (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)). "It is the 'commonality of facts,' rather than legal issues, parties[,] or remedies, 'that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine.'" *Tilbury v. Aames Home Loan*, Civ. No. 05-2033, 2005 WL 3477558, at *7 (D.N.J. Dec. 12, 2005), *aff'd*, 199 F. App'x 122 (3d Cir. 2006) (quoting *DiTrolio*, 662 A.2d at 504).

"The limits of the entire controversy doctrine with regards to foreclosure actions are necessarily somewhat narrower, as N.J. Ct. R. 4:64-5 requires that only 'germane' counterclaims may be joined in a foreclosure action." *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x. 469, 472 (3d Cir. 2011). "Whether an issue is germane to the action should be construed liberally." *Mason v. US Bank*, Civ. No. 16-1366, 2016 WL 7189828, at *5 (D.N.J. Dec. 12, 2016) (citation omitted). "Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action." *Id.* (citation modified). Thus, "[c]laims or defenses that [go] to the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose' are germane." *Collas v. Wells Fargo Bank, N.A.*, Civ. No. 17-11866, 2018 WL 6499706, at *3 (D.N.J. Dec. 11, 2018) (quoting *Bembry*

5

*v. Twp. of Mullica*, Civ. No. 17-3066, 2018 WL 4519957, at *2 (3d Cir. Sept. 20, 2018)) (alterations in *Collas*).

Plaintiff asserts that the entire controversy doctrine does not apply here because Plaintiff attempted to add additional parties to the foreclosure action, but that her request was denied "as non-germane." (ECF No. 64 at 8.) The Court is not persuaded by Plaintiff's argument based on the Court's review of the Motions as a whole. For instance, Plaintiff also argues that her counterclaims "were dismissed with prejudice based on 'statute of limitations' and nothing more." (ECF No. 64 at 9.) Further, Plaintiff appears to concede that the claims in the instant suit were rejected and dismissed with prejudice in state court. (*See* ECF No. 47-1 at 13 ("The NJ Chancery court does not hear non-germane claims. In this case all the counterclaims were dismisse[d] with prejudice without any review on the merits ruling "statute of limitations[,]" and are now up on appeal to vacate said dismissal."); ECF No. 48 at 20 ¶ 83 ("The filed October 18, 2017 state court answer, affirmative defenses and counterclaims, brought a NJ State RICO claim, this was dismissed with prejudice without review. . . .").) *See Rsch. & Trading Corp. v. Safety Tech. Sys., Inc.*, Civ. No. 93-2362, 1994 WL 114553, at *2-3 (D.N.J. Mar. 29, 1994) ("It is well-established that New Jersey's entire controversy doctrine precludes a plaintiff from relitigating not only claims actually litigated in a prior proceeding but also those that could have been.").

It is also appropriate to apply the entire controversy doctrine to those in privity with the parties in the original suit. *See Opdycke v. Stout*, 233 F. App'x 125, 129 n.5 (3d Cir. 2007) ("The Entire Controversy Doctrine covers those in privity with parties as well."); *Indus. Corner Corp. v. Pub. Serv. Mut. Ins. Co.*, Civ. No. 20-06677, 2023 WL 1860626, at *6 (D.N.J. Feb. 8, 2023) ("In comparison to federal preclusion principles, New Jersey has adopted a broader definition of 'privity.' . . . [A] relationship is defined as being 'close enough' to satisfy privity 'when the party

is a virtual representative of the non-party, or when the non-party actually controls the litigation.'"). Here, Defendants in this case were in privity with the plaintiffs in the state foreclosure action and the parties Plaintiff sought to add to that case. (ECF No. 49-7 at 26 (seeking to add as parties "JP MORGAN CHASE BANK, N.A.[,] OCWEN FINANCIAL CORPORATION[, and] OCWEN LOAN SERVICING LLC," where the plaintiff in the foreclosure action was "THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS INC. MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATE SERIES 2005-RP3, c/o its servicer, OCWEN LOAN SERVICING, LLC." ).) *See In re Singletary*, 659 B.R. 43, 54 (Bankr. D.N.J. 2024) ("The Court agrees that to the extent that the claims against Caliber relate to its role as servicer of the December 2006 Mortgage, the Entire Controversy Doctrine should apply because Caliber was in privity with BNY/CIT."); *Delacruz v. Alfieri*, 145 A.3d 695, 708 (N.J. Super. Ct. Law. Div. 2015) ("An assignee of a right will be considered to be in privity with its assignor." (quoting *Brookshire Equities, LLC v. Montaquiza*, 787 A.2d 942, 947 (App. Div. 2002))). Thus, for the reasons expressed in the Court's prior opinion, the Court finds that the entire controversy doctrine bars Plaintiff's claims. *See Faber*, 2024 WL 5186913 at *3-5.

However, even if any of Plaintiff's claims survive the entire controversy doctrine, Plaintiff's claims are nevertheless subject to dismissal. Indeed, the Court finds that Plaintiff's claims are also barred under the *Rooker-Feldman* doctrine.[4] The *Rooker-Feldman* doctrine bars

---

[4] *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

federal courts "from hearing cases 'that are essentially appeals from state-court judgments.'" *In re Messer*, Civ. No. 24-07880, 2024 WL 3639327, at *2 (D.N.J. Aug. 2, 2024) (quoting *Young v. U.S. Bank Nat'l Ass'n*, Civ. No. 24-2315, 2024 WL 2925967, at *2 (E.D. Pa. June 10, 2024)). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original).

Although the United States Court of Appeals for the Third Circuit has cautioned that *Rooker-Feldman* "is a narrow doctrine, limited to cases where the complained-of injury stems directly from the state court's proceedings," *Talley v. Horn*, No. 24-2358, 2025 WL 927326, at *1 (3d Cir. Mar. 27, 2025), it has upheld its application where a plaintiff attempts to challenge a state court foreclosure action. *See Disen v. Bayview Loan Servicing, LLC*, Civ. No. 24-1885, 2025 WL 18541, at *1 (3d Cir. Jan. 2, 2025) ("To the extent that [the a]ppellant's complaint can be construed as (a) alleging injuries caused by the state-court rulings in the mortgage-foreclosure action, and (b) seeking the [d]istrict [c]ourt's review and rejection of those rulings, we agree with the [d]istrict [c]ourt that this part of her complaint is barred by the *Rooker-Feldman* doctrine."); *In re Mo*, Civ. No. 23-2943, 2024 WL 4003331, at *2 (3d Cir. Aug. 30, 2024) ("Insofar as [the appellant] seeks direct appellate review of the state court's final judgment in the foreclosure action, he could have, and should have, pursued that path in the state court system; he is prohibited by the *Rooker-Feldman* doctrine from doing so in the lower federal courts."); *Laychock v. Wells Fargo Home Mort.*, 399 F. App'x 716, 718 (3d Cir. 2010) ("Any claim relying on allegations of wrongful foreclosure must be rejected under the *Rooker-Feldman* doctrine.")

8

All *Rooker-Feldman* prerequisites are met here. First, the state-court entered final judgment against Plaintiff on September 19, 2022.[5] (ECF 64 at 14.) *See Barrett v. Washington Mut. Bank, FA*, Civ. No. 17-7942, 2018 WL 3435071, at *4 n.2 (D.N.J. July 16, 2018) ("[A] state court foreclosure judgment is final for purposes of New Jersey law and *Rooker-Feldman*. . . ."); *Keyes v. Nationstar Mortg., LLC*, Civ. No. 12-02649, 2020 WL 6111036, at *6 (D.N.J. Oct. 16, 2020) ("The July 15, 2016 final judgment of the foreclosure action clearly suffices as a final judgment for the purposes of the *Rooker-Feldman* doctrine.").

Second, Plaintiff now complains of injuries caused by the state court's entry of a judgement of foreclosure. Indeed, the crux of Plaintiff's FAC is that Defendants submitted false documents in Plaintiff's foreclosure case, leading the Court to enter the foreclosure judgment against her. (*See, e.g.*, ECF No. 48 at 2 ¶ 1 ("The defendants filed another case in 2009, and in 2015. In 2015 defendants denied the existence of the 2008 court orders, findings and prior dispositive summary judgment. Documents were filed with the court to conceal the prior court findings."); 27 ¶ 69 ("The defendants [herein] have presented to the court voluminous documents presenting inaccurate calculations, late fees, misapplications, excessive illegal costs and fees, all of which are in violation of FDCPA laws as outlined herein and evidence that this court should grant injunctive relief."); 25 ¶ 113 ("The defendants listed herein filed a residential foreclosure action in 2015 alleging a May 2006 default, representing a debt instrument of which they were second position or a junior lien holder, for an instrument that was accelerated in March 2006 according to the defendants; collection of this debt is a violation of FDCPA."); 27 ¶ 73 ("Statements were made by the

---

[5]   Plaintiff notes in her opposition brief that the state court's judgment was on appeal to the New Jersey Appellate Division. (ECF No. 64 at 14 n.4.) On April 23, 2025, the Appellate Division affirmed the entry of the judgment of foreclosure. *See Bank of New York Mellon Tr. Co. Nat'l Ass'n v. Faber*, No. A-1223-22, 2025 WL 1177827, at *1 (N.J. Super. Ct. App. Div. Apr. 23, 2025).

defendants, concealing facts and founded in fraudulent misrepresentation, intended to defraud the plaintiff of her home."); 13 ¶ 61 (alleging that "[n]o subject matter jurisdiction was established in the 2015 foreclosure") 17 ¶ 78 ("The 2015 foreclosure case concluded in November 2022 without review on the merits, with a $2 Million dollar contested judgment; issued sua sponte then vacated and reinstated as a sua sponte judgment while objection and cross motion filed, on appeal.").)

Plaintiff argues that the Third Circuit's decision in *Shibles v. Bank of America, N.A.*, 730 F. App'x 103 (3d Cir. 2018) precludes the application of the *Rooker-Feldman* doctrine in this case. (ECF No. 64 at 17.) In *Shibles*, the court held that the plaintiff's claims, which related to the foreclosing bank's breach of a loan modification with the plaintiff, were not precluded under *Rooker-Feldman* (although they were precluded under the entire controversy doctrine). *Id.* at 105-07. The Court reasoned that *Rooker-Feldman* did not apply because the plaintiff "complain[ed] she was harmed by the [b]ank's actions that resulted in the state foreclosure action." *Id.* at 106.

The Court finds Plaintiff's reliance on *Shibles* misplaced. Based on the Court's review, this case presents a situation more akin to that in *Ojo v. Hudson Cnty. Sav. Bank, FSB*, Civ. No. 19-16200, 2021 WL 5083807, at *3 (D.N.J. Nov. 1, 2021). There, in denying the plaintiff's motion for reconsideration of the dismissal of her complaint on *Rooker-Feldman* grounds, the court reasoned that its conclusion was consistent with *Shibles* (even though it reached the opposite result). The court explained that in dismissing the plaintiff's complaint, it "determined that 'the main thrust of [the complaint was] that [the] [d]efendants obtained judgments against [the p]laintiffs through fraud, conspiracy, and misrepresentations that led the New Jersey state court to enter collection and foreclosure judgments against [the p]laintiffs." *Ojo*, 2021 WL 5083807, at *3. Thus, the court concluded that the plaintiff's harms "were produced by state-court orders and judgments," rather than "ratified, acquiesced in, or left unpunished by" them, as in *Shibles*. *Id.*

10

Here, Plaintiff's alleged harms were "caused by the foreclosure . . . judgment[] entered by the state court." *Id.* Like in *Ojo*, Plaintiff takes issue with Defendants' representations and omissions leading the New Jersey state court to enter a foreclosure judgment. (*See, e.g.*, ECF No. 48 at 2 ¶ 2 ("The keystone of the scheme was creating and presenting fabricated documents by and through the defendants, with known false sworn statements attempting to conceal material facts and findings."); 14 ¶ 64 ("During the 2015 foreclosure litigation in New Jersey Superior Court, there were (5) five different notes created, filed, presented, and all certified as 'original notes' and alleged to have been 'in possession of plaintiff/servicer since commencement of the complaint' by the defendants, said notes were created and filed from November 10, 2016 through August 15, 2022[.]"); 17 ¶ 75 ("On August 15, 2022, all the defendants herein engaged in conduct to create a motion for final judgment filed with the court and certified per S1604, this document violated rights and liberties of the plaintiff[.]").) As a result, the second *Rooker-Feldman* prerequisite is met.

Third, Plaintiff filed this action on August 14, 2023, nearly a year after the state court entered judgment against her. (ECF Nos. 1, 64 at 14 n.5).

Finally, Plaintiff asks this Court to revisit the underlying state-court case. (*See* ECF No. 48 at 17-18 ¶ 81 ("Damages and injuries sustained by the plaintiff, inter alia, financial loss due to legal fees and time spent away from work in litigation, deprivation of property rights, violation of all land rights, slander and damage of property title, deprivation of peaceful enjoyment of property and home. . . .").) Thus, *Rooker-Feldman* bars Plaintiffs' claims. *See Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 132 (3d Cir. 2013) (noting that a district court sitting "in appellate review of state-court proceedings" is "a role specifically prohibited by *Rooker-Feldman*"); *see also Otto v. Wells Fargo Bank*, N.A., 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that [the

appellant's] complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that th*e Rooker-Feldman* doctrine bars the suit.").

Accordingly, Defendants' Motions to Dismiss the FAC (ECF Nos. 50, 53) are granted, and the FAC is dismissed with prejudice.[6]

### C. Plaintiff's Motion to Amend

After Defendants moved to dismiss the FAC, Plaintiff notified the Court that she had uncovered new evidence which rendered Defendants' Motions to Dismiss "moot." (ECF No. 66 at 1; ECF No. 69 at 9.) This newly discovered evidence relates to Plaintiff's removal of her foreclosure case to federal court in 2017. There, the foreclosing plaintiffs moved to remand the case, in part relying on the fact that the state court had granted summary judgment the day after Plaintiff's removal. (ECF No. 66 at 3-4.) After the Honorable Peter G. Sheridan, U.S.D.J. (ret.) remanded the case back to state court, the state court vacated the summary judgment order, finding that it was mistakenly granted as unopposed. *See Bank of New York Mellon Tr. Co. Nat'l Ass'n v. Faber*, No. A-1223-22, 2025 WL 1177827, at *2 (N.J. Super. Ct. App. Div. Apr. 23, 2025). The state court ultimately granted summary judgment in favor of the foreclosing plaintiffs on December 4, 2020.[7] *Id.* at *3. Plaintiff characterizes the impact of this newly discovered evidence as follows:

> There was previously an action before this Federal District Court whereby the defendants herein presented a Summary Judgment

---

[6] For the reasons set forth in Section III.C, the Court finds that further amendment would be futile, so it dismisses the FAC with prejudice. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile").

[7] The Court may take judicial notice of the underlying state court proceedings. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant here."); *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

> Order dated August 4, 2017, and relied upon said Order for a decision of remand in 17-5695, by Judge Sheridan. In doing so, the defendants are barred by equitable estoppel from present[ing] a later summary judgment order, wherein asking the court on which to rely which contradicts former with a dispositive federal decision[.]

[(ECF No. 66 at 1).]

Even if the Court considers this "new" evidence, Plaintiff does not explain how this evidence renders the arguments in Defendants' Motions to Dismiss "without foundation and equitably estopped." (ECF No. 69 at 5.) Nor do the facts as presented point to any improprieties on the part of Defendants, who simply relied upon the summary judgment order that was operative at the time they moved for remand. From the Court's review of the proposed SAC, Plaintiff fails to offer any factual allegations that overcome the Court's conclusion that her claims are barred by the entire controversy and *Rooker-Feldman* doctrines.

Accordingly, Plaintiff's Motion to Amend is denied as futile. *See Peng v. CitiMortgage*, Civ. No. 12-395, 2013 WL 5283736, at *3 (D.N.J. Sept. 17, 2013) ("Leave to amend should be denied when the proposed amendment would be futile.").

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motions to Dismiss (ECF Nos. 50, 53) are **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice. Plaintiff's Motion to Amend (ECF No. 69) is **DENIED**. Plaintiff's Motion to Alter Judgment (ECF No. 47) is **DENIED** as moot. An appropriate Order follows.

Dated: July 8, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE